DECISION
{¶ 1} This is an appeal by the State of Ohio from an order of the Franklin County Court of Common Pleas that sealed the record of appellee's conviction for forgery, a felony of the fifth degree. Appellee has not filed a responsive brief.
 {¶ 2} Appellant raises one assignment of error:
THE TRIAL COURT WAS WITHOUT JURISDICTION TO CONSIDER DEFENDANT'S APPLICATION FOR EXPUNGEMENT BECAUSE DEFENDANT WAS NOT A FIRST OFFENDER UNDER R.C. 2953.31(A).
 {¶ 3} Under R.C. 2953.32, with certain exceptions not relevant to this appeal, a person who has been convicted of a criminal offense may apply for the sealing of the record of that conviction. The application may be made at the expiration of three years after the offender's final discharge in the case of a felony and one year after final discharge in the case of a misdemeanor.
 {¶ 4} To be eligible to file under R.C. 2953.32, the applicant must qualify as a "first offender." The term "first offender," is defined in R.C. 2953.31(A). A first offender is anyone who has been convicted of an offense in this state or any other jurisdiction who previously or subsequently has not been convicted of any other offense. Previous and subsequent convictions do not include conviction for a minor misdemeanor or, with certain exceptions, for a violation of the Columbus Traffic Code 4511, 4513 or 4549, or for violation of a municipal ordinance that is substantially similar to any offense in those chapters of the Revised Code.[1]
 {¶ 5} Here, the applicant did not meet the definition of "first offender." At the hearing before the trial court, the state objected to the application and offered evidence that on March 29, 2000, the applicant had been convicted of the offense of selling an alcoholic beverage to a minor, a misdemeanor of the first degree. The applicant agreed that she had been convicted of that offense. Therefore, the applicant was not a "first offender." Because the applicant was not a first offender, the trial court lacked jurisdiction to grant the request to seal the forgery conviction.
 {¶ 6} Because the trial court lacked jurisdiction, the order sealing the record of the forgery conviction in Franklin Cty. C.P. No. 99CR-06-3373 was a nullity. The assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is reversed and the cause remanded with instructions to vacate the order sealing the record of the applicant's conviction for forgery and to deny the application.
Judgment reversed and cause remanded with instructions.
Petree and French, JJ., concur.
[1] The exceptions include offenses related to drunken driving, street racing, failure to stop after an accident, sale of automobile master keys or fraudulent odometer statutes, none of which applies here.